# CV 15        1289

FILED
CLERK

2015 MAR 12 PM 1:25

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICOLE MONTALBANO and JEANETTE RAVELO-
RODRIGUEZ,

                 Plaintiffs,

      -against-

PATRIZIAS OF STATEN ISLAND LLC,
SALVATORE BORGOGNONE, individually and
GIACOMO ALAIO, individually,

                 Defendants.
-----------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff Demands a Trial
By Jury

FEUERSTEIN, J.
TOMLINSON, M.J.

Plaintiffs, by and through their attorneys, Arcé Law Group, PC, hereby complains of Defendants, upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff Nicole Montalbano complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et. seq.* ("Title VII"), and both Plaintiffs, Nicole Montalbano and Jeanette Ravelo-Rodriguez, complain to remedy violations of the Executive Law of the State of New York and the New York City Administrative Code, based upon the supplemental jurisdiction of this Court pursuant to *Gibb*, 38 U.S. 715 (1966), and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiffs have suffered as a result of being harassed and discriminated against on the basis of their sex/gender, sexual orientation, together with sexual harassment and retaliation.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. This action further involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about May 16, 2014, Plaintiff Nicole Montalbano filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about December 16, 2014, Plaintiff Nicole Montalbano received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of the Notice of Right to Sue.

## PARTIES

8. Plaintiff NICOLE MONTALBANO (hereinafter also referred to as "Montalbano") is a lesbian female resident of the State of New Jersey.

9. Plaintiff JEANETTE RAVELO-RODRIGUEZ (hereinafter also referred to as "Rodriguez") is a lesbian female resident of the State of New Jersey.

10. At all times material, Plaintiff Rodriguez and Plaintiff Montalbano are hereinafter collectively referred to as "Plaintiffs."

11. At all times material, Plaintiffs were and continue to be in a committed relationship.

12. At all times material, Defendant PATRIZIAS OF STATEN ISLAND LLC (hereinafter also referred to as "PATRIZIAS") was and is a Domestic Limited Liability Company duly incorporated under the laws of the State of New York.

13. At all times material, Defendant SALVATORE BORGOGNONE (hereinafter also referred to as "SALVATORE") was and is a resident of the State of New York.

14. At all times material, Defendant SALVATORE was and is an employee of Defendant PATRIZIAS.

15. At all times material, Defendant SALVATORE was Plaintiffs' supervisor and/or had supervisory authority over Plaintiff.

16. At all times material, Defendant GIACOMO ALAIO (hereinafter also referred to as "GIACOMO") was and is a resident of the State of New York.

17. At all times material, Defendant GIACOMO was and is an employee of Defendant PATRIZIAS.

18. At all times material, Defendant GIACOMO was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

19. Defendant PATRIZIAS, Defendant SALVATORE, and Defendant GIACOMO are hereinafter collectively referred to as "Defendants."

20. At all times material Plaintiffs were employees of Defendants.

## MATERIAL FACTS

21. In or around the beginning of September 2013, both Plaintiffs began their employment with Defendant PATRIZIAS at its 4255 Amboy Road, Staten Island, New York location.

22. Plaintiff Jeanette was hired as a "Server," and Plaintiff Montalbano was hired as a "Hostess."

23. Immediately after Plaintiff Montalbano began working, Defendant SALVATORE started to make inappropriate and unwelcome sexual comments to Plaintiff Montalbano such as **"Do you want to have an affair with me?"** and **"Married guys are the best... we spoil our mistresses."**

24. In or around October 2013, Defendant SALVATORE approached Plaintiff Montalbano with a big smile and said, **"You know what I did on my day off Nicole? I fucked all day!"**

25. In or around December 2013, Defendant SALVATORE followed Plaintiff Montalbano into the basement of Defendant PATRIZIAS. Defendant SALVATORE cornered Plaintiff Montalbano and said, **"Why won't you go out with me? You don't think I'm cute enough? Let me take you out, please!"**

26. In or around the end of December 2013, Plaintiff Montalbano could no longer endure Defendant SALVATORE's sexual harassment, so she left work for an indefinite period of time.

27. In or around the end of December 2013, Plaintiff Rodriguez complained on behalf of herself and Plaintiff Montalbano to Defendant GIACOMO about Defendant SALVATORE's ongoing sexual harassment of Plaintiff Montalbano. Specifically, Plaintiff Rodriguez complained to Defendant GIACOMO that Defendant SALVATORE was continuously hitting on Plaintiff Montalbano, asking to hook up with her, and intimidating her.

28. Defendant GIACOMO told Plaintiff Rodriguez, "I'll take care of it. It won't happen again."

29. In or around the middle of January 2014, the Manager at Defendant PATRIZIAS, Louis Annunziata, planned to call Plaintiff Montalbano to ask her to come back to work. Plaintiff Rodriguez told Louis that she was in a relationship with Plaintiff Montalbano, hoping that would prevent Defendant SALVATORE's future sexual harassment.

30. Furthermore, Plaintiff Rodriguez complained on behalf herself and Plaintiff Montalbano regarding Defendant SALVATORE's sexual harassment of Plaintiff Montalbano. Specifically, Plaintiff Rodriguez complained to Louis Annunziata, during that same conversation in or around the middle of January 2014, that Defendant SALVATORE had told Plaintiff Montalbano, "You know what I did on my day off Nicole? I fucked all day!"

31. Immediately after Plaintiff Rodriguez had complained to Louis Annunziata of Defendant SALVATORE's sexual harassment of Plaintiff Montalbano, Defendant SALVATORE approached Plaintiff Rodriguez and denied sexually harassing her, instead insisting that he considers Plaintiff Montalbano to be "Like a sister and that he was only kidding [regarding the sexual harassment]."

32. In or around the end of January 2014, Louis called Plaintiff Montalbano to come back to work because the restaurant was in need of a "Dessert Preparer."

33. In or around the end of January 2014, Plaintiff Montalbano returned to work at Defendant PATRIZIAS.

34. Immediately after Plaintiff Montalbano returned to work, Defendant SALVATORE found out that Plaintiff Montalbano was a lesbian who was in a committed relationship with Plaintiff Rodriguez. Contrary to Defendant GIACOMO and Louis Annunziata's promises that Defendant SALVATORE's sexual harassment of Plaintiff Montalbano would stop, his sexual harassment of Plaintiff Montalbano, his "sister," only intensified after she returned to work.

35. On a repeated and consistent basis beginning in or around the end of January 2014, Defendant SALVATORE would purposefully brush himself up against Plaintiff Montalbano's back every time he walked past her.

36. In or around the end of January 2014, Defendant SALVATORE told Plaintiff Rodriguez and Plaintiff's co-worker Amy Lopez, **"I don't really think Nicole is gay and just likes women,"** and **"It's just a phase."**

37. In the same conversation, Defendant SALVATORE told Plaintiff Rodriguez and Amy Lopez, **"I had a dream about you two [Plaintiffs]. I was making out with Nicole and you [Jeanette] were watching."** Defendant SALVATORE then stared at Plaintiff Montalbano across the restaurant and smirked.

38. The above are just some examples of the sexual harassment Plaintiffs had to endure while working for Defendants.

39. Defendants would not have harassed Plaintiffs but for their sex/gender.

40. Defendants would not have harassed Plaintiffs but for their sexual orientation.

41. Defendant SALVATORE and Defendant GIACOMO's actions were intended to create a hostile work environment that no reasonable person would tolerate.

42. Defendant SALVATORE and Defendant GIACOMO's actions were and are intended to constructively discharge Plaintiff Montalbano.

43. On or about April 30, 2014, Plaintiff Montalbano was constructively discharged by Defendants, as Defendants allowed the sexual harassment to continue, and did not take any steps to ameliorate the problem.

44. As a result of Defendants' actions, Plaintiffs felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. As a result of Defendants' discriminatory and intolerable treatment of Plaintiffs, they have suffered and continue to suffer severe emotional distress and physical ailments.

46. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer a loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiffs have suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiffs demand Punitive Damages as against all Defendants jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION (Plaintiff Montalbano Only)

48. Plaintiff Montalbano repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff Montalbano complain of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon Plaintiff Montalbano's sex/gender.

50. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et. seq.*, by discriminating against Plaintiff Montalbano because of her sex/gender, sexual harassment, and creating a hostile work environment.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION (Plaintiff Montalbano Only)

51. Plaintiff Montalbano repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to ... discriminate against any of his employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

53. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et. seq.* by discriminating against Plaintiff Montalbano with respect to the terms, conditions or privileges of employment because her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

54. Plaintiffs repeat, reiterates and realllege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's...sex... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiffs because of their sex/gender and sexual orientation, together with sexual harassment, and creating a hostile work environment.

57. Plaintiffs hereby make a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION (Plaintiff Montalbano Only)

58. Plaintiff Montalbano repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

60. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against Plaintiff Montalbano.

### AS A FIFTH CAUSE OF ACTION
### UNDER STATE LAW
### AIDING AND ABETTING

61. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A SIXTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### DISCRIMINATION

64. Plaintiffs repeat, reiterates and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the ... sex... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

66. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiffs on the basis of their sex/gender, sexual orientation, together with sexual harassment, creating a hostile work environment, and unlawful termination.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINSTRATIVE CODE
## <u>RETALIATION (Plaintiff Montalbano Only)</u>

67. Plaintiff Montalbano repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(7) provides:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter…

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title §8-107(7) by discriminating against Plaintiff Montalbano because of her opposition to the unlawful employment practices of Defendants.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>SUPERVISOR LIABILITY</u>

70. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York City Administrative Code Title 8-107(13) employer liability for discriminatory conduct by employee, agent or independent contractor.

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      (1) the employee or agent exercised managerial or supervisory responsibility; or

      (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

72. Defendants violated this section as already set forth herein.

## JURY DEMAND

Plaintiffs demand a jury on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the New York State Executive Law, the New York City Administrative Code, Title 8, §8-107 *et seq.*, and that the Defendants harassed and discriminated against Plaintiffs on the basis of their sex/gender, sexual orientation, together with sexual harassment and retaliation;

B. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

C. Awarding Plaintiffs Punitive Damages;

D. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of this action;

E. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**WHEREFORE,** Plaintiffs demand a judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, Punitive Damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       March 12, 2015

**Arcé Law Group, P.C.**
*Attorneys for Plaintiffs*

By: _____
Christopher Van De Water, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120